# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Erin Wilson, *et al.*

     Plaintiffs,

v.

Royal United Mortgage LLC,

     Defendant.

No. 1:25-cv-06150-AT

## DEFENDANT ROYAL UNITED MORTGAGE LLC'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant Royal United Mortgage LLC ("Defendant" or "Royal United"), through counsel, hereby answers the Class Action Complaint ("Complaint") filed by Plaintiff Erin Wilson on October 28, 2025. Except as expressly admitted herein, Royal United denies each and every allegation in the Complaint.

## AFFIRMATIVE DEFENSES

Without admitting any of Plaintiff's allegations or conceding the burden of proof as to any issue found to be an element of the claim included in the Complaint, Royal United sets forth the following affirmative defenses to Plaintiff's Complaint:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

1

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Royal United are barred, in whole or in part, because the injuries and/or damages alleged in the Complaint were proximately caused by, occurred, and/or were contributed to by acts or failures to act by another party for which Royal United cannot be vicariously liable.

## THIRD AFFIRMATIVE DEFENSE

Some or all of the claims asserted by Plaintiff are barred by estoppel and/or consent to receive the telephone calls at issue.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks Article III standing to assert the claims.

## FIFTH AFFIRMATIVE DEFENSE

The United States Constitution bars or limits the relief requested by Plaintiff, on her behalf and on behalf of the putative class, if and to the extent the relief would unfairly subject Royal United to punishment and or to an unfairly extreme remedy without advance notice or opportunity to protect itself, or the relief would amount to a taking, or the relief would be out of proportion to the alleged conduct, or the remedy is unrestricted by sensible standards, or the relief would have an unfair economic impact on Royal United.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted by Plaintiff are barred because Plaintiff expressly invited Royal United to call her, did not later revoke her authorization to

be called by Royal United or follow reasonable procedures for doing so, and did not suffer any injury by receiving the calls she requested.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Royal United had Plaintiff's prior express invitation to be called at the telephone number at issue.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged calls at issue are excepted from and/or do not fall within the purview of the Telephone Consumer Protection Act, 47 U.S.C. § 227(c).

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Royal United has implemented the requisite practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under Section (c) of the TCPA.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Royal United's telephone calls placed in response to the inquiry it received were not telemarketing calls, let alone telephone solicitations subject to Section (c) of the TCPA.

## ELEVENTH AFFIRMATIVE DEFENSE

This action is not appropriate for certification as a class action because the requirements of Rule 23 of the Federal Rules of Civil Procedure are not met, including, but not limited to, that individual issues predominate over issues common

to the putative class, and a class action is not superior to other available methods for the fair and efficient adjudication of the controversy.

## TWELFTH AFFIRMATIVE DEFENSE

All putative class allegations and claims should be stricken or dismissed because this case is not appropriate for certification as a class action under Federal Rule of Civil Procedure 23.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because she previously agreed to mandatory arbitration in the event of a dispute with Royal United.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant intends to rely upon all other provable defenses available at trial and developed in discovery.

## NATURE OF ACTION

1.     Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers" *id.* § 2(6), and sought to

strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms" *id.* § 2(9).

**ANSWER: Paragraph 1 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant Royal United denies that it has violated the TCPA, willfully or otherwise.**

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own

personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

**ANSWER: Paragraph 2 contains a conclusory statement to which no response is required.  To the extent a response is required, Royal United denies that it has violated the TCPA, willfully or otherwise, or that statutory damages on behalf of Plaintiff or a putative class is appropriate in this case.**

3.     Plaintiff bring this action to enforce the consumer-privacy provisions of the TCPA alleging that Royal United Mortgage LLC ("Defendant") made telemarketing calls to numbers on the National Do Not Call Registry, including her own.

**ANSWER: Royal United lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 and so denies the allegations. Royal United denies that it has violated the TCPA, willfully or otherwise, or that Plaintiff has a private right of action under the alleged facts of this case.**

4.     The Plaintiff also brings this action under Georgia state law, Georgia's Telephone Solicitations Act (O.C.G.A.  §  46-5-27 et seq.) ("GTSA") regulates

telemarketing and prohibits calls to Georgia residents on the state or national DNC list.

**ANSWER: Paragraph 4 contains a conclusory statement to which no response is required.  To the extent a response is required, Royal United denies that it has violated the GTSA, or that Plaintiff is entitled to recover under it here.**

5.     Because telemarketing campaigns typically use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

**ANSWER: Royal United states that this allegation is a non-sequitur. Simply because technology may be capable of making "thousands of similar calls per day," does not mean that the *solicited* calls at issue *in this case* are actionable under Subsection (c) of the TCPA.  To the extent a response is required, Royal United denies that it has violated the TCPA or the GTSA, and further denies that class certification is warranted.**

6.     A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and GTSA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**ANSWER:** Paragraph 6 contains a conclusory statement to which no response is required. To the extent a response is required, Royal United denies that class certification is warranted in this case that is – at best – a case of another consumer providing an incorrect telephone number at which to be contacted by Royal United. *See, e.g., Hunter v. Time Warner Cable Inc.*, No. 15-CV-6445 (JPO), 2019 WL 3812063, at *17 (S.D.N.Y. Aug. 14, 2019) (refusing to certify "wrong number" TCPA class action and noting it was joining the "chorus of other courts faced with TCPA class actions that have found such individualized inquiries on the consent issue precluded class certification"); *Gene And Gene LLC v. BioPay LLC*, 541 F.3d 318, 327 (5th Cir. 2008) (reversing class certification in TCPA case because "the predominant issue of fact is undoubtedly one of *individual* consent," and thus predominance was lacking); *Steven A. Conner, DPM, P.C. v. Fox Rehab. Servs., P.C.*, 2025 WL 289230, at *14 (3d Cir. Jan. 24, 2025) (affirming denial of class certification in TCPA case because it "would require thousands of mini trials on the individualized issue of" consent); *Davis v. Cap. One N.A.*, No. 24-1507, 2025 WL 2445880, at *6 (4th Cir. Aug. 26, 2025) (affirming denial of class certification in a prerecorded "wrong-number" case; consent and reassigned-number issues required individualized inquiries that overwhelmed common proof).

## PARTIES

7.    Plaintiff is an individual.

**ANSWER:   Royal United lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 and so denies the allegations.**

8.    Defendant is a limited liability company located in this District.

**ANSWER: Defendant admits that it is a limited liability company, but denies the remaining allegations of this paragraph.**

## JURISDICTION AND VENUE

9.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. The Court also has supplemental jurisdiction over the GTSA claims because they are based on the same telemarketing calls at issue.

**ANSWER: Royal United admits the allegation in Paragraph 9 that the TCPA implicates federal question jurisdiction, but Royal United denies that Plaintiff has suffered any concrete injury from the conduct alleged in the Complaint, and further denies that it has violated the TCPA, willfully or otherwise.**

10.    Venue is proper pursuant to 28 U.S.C. § 1391(b) because the telemarketing calls that are the subject of this lawsuit were sent to and received in this District.

**ANSWER: Royal United lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of personal jurisdiction in Paragraph 10 and so denies the allegations.**

## BACKGROUND

11.    § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

**ANSWER: Royal United admits only that the TCPA regulations speak for themselves. Royal United denies that it has violated the TCPA, willfully or otherwise.**

12.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

**ANSWER: Royal United admits only that the TCPA regulations speak for themselves. Royal United denies that it has violated the TCPA, willfully or otherwise.**

13.    A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

**ANSWER: Royal United admits only that the TCPA regulations speak for themselves. Royal United denies that it has violated the TCPA, willfully or otherwise.**

14.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made.47 U.S.C. §227(c)(5); 47C.F.R. § 64.1200(c)(2).

**ANSWER: Royal United admits only that the TCPA regulations speak for themselves. Royal United denies that it has violated the TCPA, willfully or otherwise, or that Plaintiff has a private right of action to enforce the regulation at issue.**

15.    In addition to the federal protections afforded by the Telephone Consumer Protection Act, Georgia has enacted its own laws regulating telephone solicitations.

**ANSWER: Royal United admits only that the TCPA and GTSA speak for themselves. Royal United denies that it has violated the TCPA or GTSA, willfully or otherwise.**

16.    The Georgia Telephone Solicitations Act, O.C.G.A. § 46-5-27, was adopted to protect Georgia residents from unwanted, harassing, and intrusive sales calls.

**ANSWER:   Royal United admits only that the GTSA speaks for itself. Royal United denies that it has violated the GTSA, willfully or otherwise.**

17.    The statute makes it unlawful for any person or entity to make a telephone solicitation to a residential, wireless, or mobile telephone subscriber in Georgia who has registered their number on the National Do Not Call Registry or the Georgia Do Not Call List. O.C.G.A. § 46-5-27(c).

**ANSWER:   Royal United admits only that the GTSA speaks for itself. Royal United denies that it has violated the GTSA, willfully or otherwise.**

18.    The Georgia statute expressly incorporates the National Do Not Call Registry, ensuring that numbers listed on the national list are protected from telemarketing calls in Georgia.

**ANSWER: Royal United admits only that the GTSA speaks for itself. Royal United denies that it has violated the GTSA, willfully or otherwise.**

19.    Like the TCPA, the Georgia law provides a private right of action. A consumer may bring an action to enjoin further violations and to recover statutory damages of $1,000 for each violation, in addition to attorney's fees and costs, where applicable.

**ANSWER:   Paragraph 19 contains a legal conclusion to which no response is required. Royal United admits only that the GTSA speaks for itself.**

Royal United denies that it has violated the GTSA, willfully or otherwise, or that Plaintiff is entitled to any relief under it.

## FACTUAL ALLEGATIONS

20.    Plaintiff is the regular and sole user of telephone number (404) XXX-XXXX.

**ANSWER: Royal United lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 and so denies the allegations.**

21.    Plaintiff uses telephone number (404) XXX-XXXX as a personal residential number.

**ANSWER: Royal United lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 and so denies the allegations.**

22.    Plaintiff does not have a landline.

**ANSWER: Royal United lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 and so denies the allegations.**

23.    Plaintiff has no other telephone numbers she uses for personal purposes.

**ANSWER: Royal United lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 and so denies the allegations.**

24.    Plaintiff has a personal telephone plan through T-Mobile, which is paid for by the Plaintiff.

**ANSWER: Royal United lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 and so denies the allegations.**

25.    Plaintiff does not use telephone number (404) XXX-XXXX for business or commercial purposes.

**ANSWER: Royal United lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 and so denies the allegations.**

26.    Plaintiff registered telephone number (404) XXX-XXXX with the DNC Registry on June 19, 2024.

**ANSWER:   Royal United lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 and so denies the allegations.**

27.    On October 6, 2025, Plaintiff's privacy was interrupted by multiple unsolicited telemarketing calls from telephone numbers attempting to advertise and sell mortgage refinancing and other lending services.

**ANSWER: Royal United lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 and so denies the allegations.**

28.    That afternoon, Plaintiff's cellular telephone received consecutive calls from (706) 932-9641 at approximately 1:38 PM EST and 1:39 PM EST. The calls did not display any identifying caller information.

**ANSWER: Royal United lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 and so denies the allegations.**

29.    A few minutes later, Plaintiff's phone received another incoming call from (470) 720-5628 at approximately 1:41 PM EST. Like the earlier calls, this call did not transmit a caller ID and did not leave a message identifying the caller or the nature of the solicitation.

**ANSWER: Royal United lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 and so denies the allegations.**

30.     When Plaintiff referenced the calls to the Defendant, the Defendant stated that the calls had been placed in response to an alleged inquiry seeking information about financing options.

**ANSWER: Royal United lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30 and so denies the allegations.**

31.     The agent further confirmed that the prior calls were made by Royal United for the purpose of promoting and soliciting Royal United's lending services.

**ANSWER: Royal United lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 and so denies the allegations.**

32.     Plaintiff informed the agent that no such inquiry had been made for the Plaintiff, and directed that the company stop calling the number.

**ANSWER:   Royal United lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 and so denies the allegations.**

33.     The calls received by Plaintiff were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as they seek to have her up for Defendant's mortgage services.

**ANSWER: Royal United lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 and so denies the allegations. Paragraph 33 further constitutes a legal conclusion to which no response is required. To the extent a response is required, Royal United denies that it has violated the TCPA, willfully or otherwise.**

34.    These calls qualified as telemarketing. 47 C.F.R. § 64.1200(f)(12).

**ANSWER: Paragraph 34 contains a legal conclusion to which no response is required. To the extent a response is required, Royal United denies that it has violated the TCPA or GTSA, willfully or otherwise.**

35.    Plaintiff is a resident of Georgia.

**ANSWER: Royal United lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 and so denies the allegations.**

36..    The calls were received by Plaintiff in Georgia.

**ANSWER: Royal United lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 and so denies the allegations.**

37.    Defendant's calls violated O.C.G.A. § 46-5-27 because Plaintiff's number was registered on the National Do Not Call Registry, which Georgia law adopts.

**ANSWER: Paragraph 37 contains a legal conclusion to which no response is required. To the extent a response is required, Royal United denies that it has violated the TCPA or GTSA, willfully or otherwise.**

38.    Plaintiff and all members of the class defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance. The calls also occupied Plaintiff's and class members' telephone lines from legitimate communication.

**ANSWER: Paragraph 38 contains both conclusory statements and a legal conclusion to which no responses are required. To the extent a response is required, Royal United denies that it has violated the TCPA or GTSA, willfully or otherwise, or that this case is suitable for class certification.**

## CLASS ACTION ALLEGATIONS

39.    Plaintiff seeks certification of the following classes (the "Classes") pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3):

**Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

**GTSA Subclass:** All persons in the State of Georgia (1) whose telephone numbers were on the National Do Not Call Registry and/or the Georgia Do Not Call List for at least 31 days, (2) but who

nevertheless received one or more telemarketing calls from or on behalf of Defendant, (3) within a 12-month period, (4) from the four years prior to the filing of the complaint through the date of trial.

**ANSWER: Paragraph 39 contains a conclusory statement to which no response is required. To the extent a response is required, Defendant Royal United denies that it has violated the TCPA, willfully or otherwise, and further denies that class certification is appropriate in this case.**

40.    The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

**ANSWER:   Paragraph 40 contains a conclusory statement to which no response is required.  To the extent a response is required, Royal United denies that it has violated the TCPA, willfully or otherwise, willfully or otherwise, and further denies that class certification is appropriate in this case.**

41.    **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

**ANSWER: Royal United admits that the number and identities of the members of the putative class are unknown but denies the remainder of Paragraph 41.**

42.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a)    Whether Defendant's conduct violated the TCPA

(b)    Whether Defendant's conduct violated the GTSA; and

(c)    whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

**ANSWER: Paragraph 42 contains a conclusory statement to which no response is required.  To the extent a response is required, Royal United denies that it has violated the TCPA, willfully or otherwise, and further denies that class certification is appropriate in this case.**

43. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and have retained counsel competent and experienced in class actions. The Plaintiff have no interests antagonistic to those of the Classes, and Defendant have no defenses unique to the Plaintiff. The Plaintiff and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither the Plaintiff nor their counsel have any interest adverse to the Classes.

**ANSWER: Paragraph 43 contains conclusory statements to which no responses are required. To the extent a response is required, Royal United denies that it has violated the TCPA, willfully or otherwise, and further denies that class certification is appropriate in this case.**

44. **Appropriateness**: This class action is also appropriate for certification because the Defendant have acted or refused to act on grounds generally applicable to the Classes and as wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff' challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff. Additionally, the

damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**ANSWER: Paragraph 44 contains conclusory statements to which no responses are required.  To the extent a response is required, Royal United denies that it has violated the TCPA, willfully or otherwise, and further denies that class certification is appropriate in this case.**

<u>**COUNT I**</u>
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

45.    Plaintiff repeats and incorporates the allegations set forth in the prior paragraphs as if fully set forth herein.

**ANSWER: Royal United repeats and reiterates each of its foregoing responses to the allegations in Paragraphs 1-44 as if fully set forth herein.**

46.    The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making

telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

**ANSWER: Royal United admits only that the TCPA speaks for itself. Royal United denies that it has violated the TCPA, willfully or otherwise.**

47.    The Defendant's violations were negligent, willful, or knowing.

**ANSWER: Paragraph 47 contains conclusory statements and a legal conclusion to which no responses are required. To the extent a response is required, Royal United denies that it has violated the TCPA, negligently, willfully or otherwise.**

48.    As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

**ANSWER: Paragraph 48 contains conclusory statements and a legal conclusion to which no responses are required. To the extent a response is required, Royal United denies that it has violated the TCPA, willfully or otherwise.**

49.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**ANSWER: Paragraph 49 contains conclusory statements and a legal conclusion to which no responses are required. To the extent a response is required, Royal United denies that it has violated the TCPA, willfully or otherwise.**

## COUNT II
### Violation of the Georgia Telephone Solicitations Act
### (O.C.G.A. § 46-5-27 et seq.)
### (On Behalf of Plaintiff and the Georgia Subclass)

50.    Plaintiff repeats and incorporates the allegations set forth in the prior paragraphs as if fully set forth herein.

**ANSWER: Royal United repeats and reiterates each of its foregoing responses to the allegations in Paragraphs 1-49 as if fully set forth herein.**

51.    Georgia law prohibits the making of telephone solicitations to any residential, wireless, or mobile telephone subscriber in Georgia whose number is included on the National Do Not Call Registry or the Georgia Do Not Call List. O.C.G.A. § 46-5-27(c).

**ANSWER: Paragraph 51 contains a legal conclusion to which no response is required. To the extent a response is required, Royal United admits**

only that the GTSA speaks for itself. Royal United denies that it has violated the GTSA, willfully or otherwise.

52.    At all relevant times, Plaintiff's telephone number, (404) XXX-XXXX, was listed on the National Do Not Call Registry, and Plaintiff is a Georgia resident entitled to the protections of O.C.G.A. § 46-5-27.

**ANSWER: Paragraph 52 Royal United lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52 and so denies the allegations.  Furthermore, Paragraph 52 contains a legal conclusion to which no response is required.  To the extent a response is required, Royal United denies that it has violated the TCPA or GTSA, willfully or otherwise.**

53.    Despite these protections, Defendant and/or its affiliates, agents, or other persons or entities acting on Defendant's behalf made multiple unsolicited telephone solicitations to Plaintiff and members of the Georgia Subclass.

**ANSWER: Paragraph 53 contains a conclusory statement to which no response is required. Royal United lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53 and so denies the allegations.  Furthermore, Paragraph 53 contains a legal conclusion to which no response is required.  To the extent a response is required, Royal United denies that it has violated the TCPA or GTSA, willfully or otherwise.**

54.    Each such telephone solicitation was made without Plaintiff's or Subclass members' prior express consent, and in violation of Georgia law.

**ANSWER: Paragraph 54 contains a conclusory statement to which no response is required. Royal United lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54 and so denies the allegations.  Furthermore, Paragraph 54 contains a legal conclusion to which no response is required.  To the extent a response is required, Royal United denies that it has violated the TCPA or GTSA, willfully or otherwise, or that class certification is appropriate.**

55.    Defendant's violations of O.C.G.A. § 46-5-27 were willful and knowing, as evidenced by (a) the repeated nature of the calls despite Plaintiff's number being on the National Do Not Call Registry, and (b) Defendant's continuation of calling after Plaintiff affirmatively stated that she was not the intended recipient and asked not to be called again.

**ANSWER: Paragraph 55 contains a conclusory statement to which no response is required. Paragraph 55 Royal United lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60 and so denies the allegations.  That said, based on Plaintiff's own allegations above, not a single call was allegedly made by Royal United to Plaintiff after Plaintiff allegedly informed Royal United that she was not the**

**intended recipient of the calls in question, indicating that these allegations are false. To the extent a further response is required, Royal United denies that it has violated the TCPA or GTSA, willfully or otherwise.**

56.    Pursuant to O.C.G.A. § 46-5-27, Plaintiff and the Georgia Subclass are entitled to recover injunctive relief, statutory damages of $1,000 per violation, and reasonable attorney's fees and costs.

**ANSWER: Paragraph 56 contains a legal conclusion to which no response is required. To the extent a response is required, Royal United denies that it has violated the TCPA or GTSA, willfully or otherwise.**

<u>**PRAYER FOR RELIEF**</u>

Having responded to the allegations of Plaintiff's Complaint as set forth above, Royal United denies that Plaintiff is entitled to any relief sought, and requests that the Court (1) order that Plaintiff take nothing by the Complaint and dismiss the Complaint with prejudice; (2) enter judgment in Royal United's favor; (3) award Royal United its costs of suit and attorneys' fees; and (4) award Royal United any other relief as the Court deems just and proper.

Dated: December 17, 2025                     Respectfully submitted,

                                             */s/ Benjamin I. Fink*
                                             Benjamin I. Fink, Esq.
                                             Georgia Bar No. 261090
                                             Katherine M. Silverman, Esq.
                                             Georgia Bar No. 395741
                                             Emma L. Sammons

Georgia Bar Bo. 518517
Berman Fink Van Horn P.C.
3475 Piedmont Road
Suite 1640
Atlanta, GA 30305
Tel.: (404) 261-7711
bfink@bfvlaw.com
ksilverman@bfvlaw.com
esammons@bfvlaw.com

Adam Bowser (admitted *pro hac vice*)
ArentFox Schiff LLP
1717 K Street, NW
Washington, DC 20006
Tel.: (202) 857-6000
Fax: (202) 857-6395
adam.bowser@afslaw.com

*COUNSEL FOR DEFENDANT*
*ROYAL UNITED MORTGAGE LLC*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rules 7.1D and 5.1B, the undersigned counsel certifies that this document complies with the Local Rules' requirements as to font in that it has been prepared in Times New Roman, 14 point.

Dated: December 17, 2025

By:  *_/s/ Benjamin I. Fink_____*
Benjamin I. Fink

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 17, 2025, a true and correct copy of the foregoing was filed using the Court's CM/ECF system, which will serve notice of such filing upon the individuals listed below:

Valerie Chinn
Valerie Chinn (GA Bar No. 248468)
CHINN LAW FIRM, LLC
245 N. Highland Avenue
Suite 230 #7
Atlanta, GA 30307
vchinn@chinnlawfirm.com

Anthony I. Paronich (pro hac application to be filed)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

*Counsel for Plaintiff and the proposed class*

By: */s/ Benjamin I. Fink*
Benjamin I. Fink
Katherine M. Silverman
Emma L. Sammons
Berman Fink Van Horn P.C.
3475 Piedmont Rd. NE, Suite 1640
Atlanta, GA 30305
Tel.: (404) 261-7711
bfink@bfvlaw.com
ksilverman@bfvlaw.com
esammons@bfvlaw.com